PARKIN ROAD IMPROVEMENT DISTRICT OF CROSS COUNTY *v.* ENGLISH.

4-5722                                                      136 S. W. 2d 190

Opinion delivered January 22, 1940.

*Walter N. Killough,* for appellant.

*T. E. Lines* and *J. L. Shaver,* for appellee.

MEHAFFY, J.   Parkin Road Improvement District of Cross county, Arkansas, was created under and by virtue of act No. 181 of the Extraordinary Session of the

legislature for the year 1920. The act creating the district named the commissioners, authorized them to issue bonds and levy assessments of benefits against the lands within the district. The district built approximately 35 miles of roads and bridges and placed a gravel surface thereon. Approximately nine miles of said road directly south of Parkin is now a part of the state highway system, designated as highway No. 75, and has been and now is being maintained by the State Highway Department.

The above mentioned act, No. 181, provided for the construction of the main line, which was taken over by the state, and provided for lateral A, lateral B, lateral C, and lateral D.

These laterals constitute that part of the road which was not taken over by the state highway, and are not a part of the state highway system. The improvement district had issued bonds, and these bonds are being paid by the state.

Section 5 of act 112 of the Acts of 1927 provides that commissioners of districts whose roads are not wholly included in the state highway system shall, with the approval of the county court of the county in which the greater portion of the land of the district is situated, or with the approval of the State Highway Commission, use the funds and revenues of the district for the repair, maintenance, and completion of construction of the roads not included in the state highway system, and for other lawful expenses. It is provided that the approval of the county court or the State Highway Commission shall not be necessary in paying out funds in compliance with valid contracts in existence at the time of the passage of the act. Said section also provides that the commissioners of the districts shall have the right to call on the State Highway Commission for the advice and services of state highway engineers.

A complaint was filed by the appellees in the Cross county chancery court alleging that in order to perform the duty required by law, the commissioners employed appellee, W. E. English, to care for the records of the district and to supervise and perform labor on the roads

in said district, and to do such other work as was necessary to be done, and they executed warrants in evidence of the indebtedness to the amount of $587.50. It is alleged also that the district employed T. E. Lines as attorney and that the president and secretary of the Board of Commissioners, under authority of the board, executed the warrants to Lines amounting to $812.50. English indorsed his certificate to Luther Wallin as collateral, the latter now holding the same. It is also alleged that under act 119 of 1927 the state assumed all the bonded indebtedness of the district, and that no taxes have been levied upon the lands since that time; that the state is paying the bonds as they mature; defendants and commissioners have refused to levy a tax against the assessed benefits to pay plaintiffs the claim sued on. They pray judgment for the amounts of said vouchers, with interest, and that the judgment be declared a prior and first lien against the lands within the district, and against the assessments of benefits as levied by the commissioners. They also prayed that the chancery court levy a rate of tax against the assessed benefits sufficient to pay the judgments and costs, and that the county clerk of Cross county be directed to extend upon the tax books the amount of taxes against each tract of land during the year 1938 and subsequent years, and that the sheriff and collector of Cross county be directed to collect such taxes and pay the money collected to plaintiffs in satisfaction of their judgments and costs.

Appellants filed answer denying every material allegation in the complaint.

Evidence was thereafter taken, and the cause was submitted by agreement for final hearing.

An amendment to the complaint was filed alleging that the county clerk of Cross county, pursuant to act 112 of the Acts of the General Assembly of 1927, authorized defendant district to create the indebtedness sued on, and entered its order to that effect.

There was an amendment to the answer filed which especially plead act 112 of the Acts of 1927 as a complete bar to the relief prayed for.

Counsel for the parties introduced the following stipulation:

"It is hereby agreed by and between the parties hereto through their solicitors, J. L. Shaver and T. E. Lines for plaintiff and W. N. Killough for defendants that the records show the following facts, to-wit:

"That the total amended assessed benefits of the entire defendant district aggregates $1,060,431, and was filed in the office of the county clerk on March 10th, 1922, and drew interest at 6 per cent.

"That there were only two bond issues by the said district, the first being for $650,000 and the second for $225,000.

"That there was levied against said benefits for the purpose of paying said bonds, the interest thereon, and incidental expenses of the district the following amounts, to-wit: The years 1921 to 1939, both inclusive, 7.7 per cent.; and for the years 1940 to 1942, both inclusive, 3.6 per cent.

"That there was collected for the year 1921, 5.7 per cent., for the years 1922, 1923, and 1924, 7.7 per cent., for the years 1925 and 1926, 7.2 per cent.; that there was no collection prior to 1921 nor after 1926.

"That of said bonds $137,000, with interest thereon, and interest on the other bonds up to the Martineau Road Law, were retired by the district.

"That of said bonds $738,000 were assumed under the Martineau Road Law and $191,000 paid under the Martineau Road Law.

"That of said bonds $547,000 were to be refunded under said act.

"That there are approximately thirty-six miles of road included in the improvement in said district; that approximately ten miles thereof has been incorporated into the state highway system and designated as highway number 75, thereby leaving approximately twenty-six miles thereof in the charge and jurisdiction of said district.

"That this stipulation may be introduced in this cause in lieu of other evidence, and that the same may be corrected by either party at any time prior to the final hearing of this cause in Supreme Court.

"Whatever maintenance has been done on lateral or non-highway roads since 1934 has been done by WPA or Cross county."

The parties entered into the following additional stipulation:

"It is hereby stipulated by and between J. L. Shaver, attorney for W. G. English, Luther Wallin, and T. E. Lines, and T. E. Lines, *per se,* on the one part, and W. N. Killough, as attorney for Parkin Road Improvement District of Cross county, Arkansas, and the commissioners thereof, on the other part, that Cause No. 493A now pending in the Cross county chancery court shall be submitted to Honorable A. L. Hutchins, chancellor, in vacation at Forrest City, Arkansas, on the 13th day of February, 1939, for final decision upon the following record:

"Complaint, amendment to complaint, depositions of W. G. English and T. E. Lines, and exhibits thereto, stipulation of counsel under date of February 13, 1939, certified copy of order of county court of Cross county, Arkansas, of record in clerk's Road Record Book 2, p. 623 of the records of Cross county, Arkansas; partial copy of pledge of record in Deed Record 46, pp. 582-586, partial copy of pledge, and of record Deed 43, pages 125-129, being in the records of Cross county, Arkansas, and two page statement issued by Refunding Board, Little Rock, Arkansas, showing the financial standing of the bonds issued by said district as of September 1, 1938, and the act of the legislature, being act No. 181 of the Extra-Ordinary Session of the General Assembly of the state of Arkansas, of the year 1920, entitled, 'An act to create Parkin Road Improvement District of Cross county, Arkansas,' approved February 18, 1920, all of the above being introduced on behalf of the plaintiffs in the above matter. The record offered

by the defendant in its answer and amendment to answer and same shall constitute a part of this record."

There was also introduced in evidence a certified copy of the order of the county court made November 28, 1937, which ordered and adjudged that the authority of said Board of Commissioners heretofore and hereafter collecting and expending funds according to the terms of said act, be and the same is, in all things, approved.

Mr. Lines and Mr. English testified about the work they had performed and introduced the warrants sued on. The warrants showed that they were issued on March 15, 1933, and that they were for services performed up to December, 1931. There were also introduced copies of the minutes of the board's meeting.

The chancery court entered a decree in favor of the plaintiffs and found that the district levied in 1921-1926, inclusive, a total tax rate of 43 per cent. against the benefits of said district, and that no levy had been made against the benefits other than as stated. The decree also held that on November 28, 1927, the county court of Cross county, Arkansas, on petition of the commissioners of the district authorized the Board of Commissioners of said district to collect and expend funds of said district in accordance with the provisions of § 5 and other parts of act 112 of the Acts of 1927. The court further decreed that the plaintiffs have judgment for the amounts sued for with interest from March, 1933, until paid. It was further provided in the decree that the judgments should be a lien against the total assessed benefits levied in the district, and proceeded to levy a tax of one-half of one per cent. against the total assessed benefits for the purpose of providing funds with which to pay the judgments, together with interest and costs. The decree further directed the commissioners to forthwith petition the county court of Cross county, Arkansas, to enter an order directing the clerk of the county court and his successors in office, to compute and extend the rate of levy against the assessed benefits on each and every separate piece of property within the district upon the tax books for the year 1939, and the

attorney for the district was directed to forthwith prepare the petition and attach a certified copy of the decree and file the same in the county court, requesting that the county clerk of Cross county be directed to extend the above tax against the assessed benefits of each separate tract, and further provided that the court retains jurisdiction of the cause for the purpose of making any further and other orders that it may find necessary in order to enforce the decree.

Both parties insist that there are but two questions for this court to consider; first, was the Board of Commissioners of the defendant district authorized to issue the vouchers sued on? and, second, can the lands in the defendant district be subjected to a tax for the purpose of paying said voucher?

Appellees contend that act No. 112 of the legislature of 1927, by §§ 1, 5, and 9, made it the duty of the commissioners to repair and maintain 26 miles of lateral roads in this district. They contend that they complied with the law, continued the services of English at $25 a month and put him over the supervision of the laterals and proceeded to purchase gravel, rebuild bridges, grade roads, cut weeds, and cut several ditches, and that Mr. Lines had for many years represented the district at a salary of $25 a month and that he did considerable work for the district.

It is not contended that Mr. English and Mr. Lines were not employed. Section 5 of act 112 provides that the commissioners, with the approval of the county court or with the approval of the State Highway Commission, may use the funds and revenues of the district for the repair and maintenance and completion of construction of the roads not included in the state highway system, and for other lawful expenses.

Appellees say that the county court did, on November 28, 1927, give its approval to the employment and payment of appellees. This was practically four years before the services for which these vouchers were given are alleged to have been performed. Certainly the county court could not know what expenses would be necessary

four years from the time he made the order. It is evidently the intention of act 112 that the approval should be made annually. It is provided in § 5 that on or before January 10th of each year the commissioners of such districts shall file in the county court a report duly sworn to by them, showing the items enumerated in § 2 of the act. It is further provided that within 30 days after the passage of the act, they shall file with the county court a similar report duly sworn to, showing the same items for the period from January 1, 1927, to the date of filing such report.

It is not contended that these provisions of act 112 were complied with. Section 9 of the act relied on by appellees also provides that: "With the approval of the county court the commissioners in each district whose roads are not wholly included in the state highway system, may annually, as necessary, levy a tax not to exceed one per cent. on the assessed benefits in the district, for the purpose of constructing, repairing, and maintaining the roads of the district which are not included in the state highway system, and for such purpose, in order not to delay such necessary work, such road improvement districts may issue and sell certificates of indebtedness, bearing interest at a rate of not exceeding six per cent. per annum and for an amount not exceeding one annual tax, which certificates shall be and are hereby made negotiable, and shall mature and be made payable within one year after their issuance and shall constitute a lien and charge against the funds of the district."

It will be observed that this section begins: "With the approval of the county court," and it appears perfectly clear from the act that these reports and the approval of the county court, must be annual.

There is no claim that these provisions of the statute were complied with, and they must be complied with before any tax can be levied or vouchers issued.

We know of no authority, and our attention has been called to none, that would authorize the chancery court

to take jurisdiction of this case or to order and direct the commissioners to apply to the county court.

The chancery court was without authority or jurisdiction to declare a lien against the assessed benefits.

Counsel call attention to a number of authorities supporting their arguments as to the jurisdiction of the different courts. It is wholly immaterial whether the chancery court or circuit court would have jurisdiction to issue a writ of mandamus in a proper case. Before any court would have authority to pass on the questions raised by the parties, it would have to be shown that the provisions of act 112 had been complied with, and until appellees complied with this act, they could not maintain a suit either in chancery or circuit court.

The decree of the chancery court is reversed, and the complaints are dismissed.